931 So.2d 689 (2006)
Michael Andy LANG, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00648-COA.
Court of Appeals of Mississippi.
June 13, 2006.
*690 Paul McGerald Luckett, McComb, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Michael Lang was convicted and sentenced to life imprisonment for the murder of his wife, Susan Lang. On appeal, Lang raises one issue: whether the trial court erred by admitting a videotape of the crime scene into evidence. Finding no error we affirm.

FACTS
¶ 2. On the night of April 21, 2003, Susan Lang was stabbed to death in her home. Michael Lang, the victim's husband, gave several conflicting accounts of the night's events.
¶ 3. Initially, Lang told the police that the house had been burglarized and the television was stolen. Later, Lang admitted that he took the television himself.
¶ 4. Several days after the discovery of Susan Lang's body, Lang gave a taped statement wherein he admitted that he had been smoking crack cocaine throughout the evening. He admitted that he stabbed Susan, but said that he had no recollection of the actual stabbing.
¶ 5. Lang was seen in the early morning hours of April 21, 2003, with Zella Washington. Zella testified that Lang picked her up and they rode around and smoked crack cocaine together. At some point, they took the television, located in the back seat of Lang's vehicle, and Lang traded it for crack cocaine. Lang's brother and sister-in-law testified that they saw Lang with Zella.
¶ 6. At trial, Lang testified in his own defense. Lang's testimony was that two men approached him in his yard and threatened him. One of the men went in the house and Lang heard Susan screaming. According to Lang, when he ran into the house, Susan was bloody and coming out of the bedroom. She had been stabbed.
¶ 7. After a three-day trial, the jury found Lang guilty of murder.

STANDARD OF REVIEW
¶ 8. The standard of review for a trial judge's decision to admit or exclude *691 evidence is abuse of discretion. Graves v. State, 492 So.2d 562, 565 (Miss.1986).

ANALYSIS
¶ 9. At trial, the prosecution offered into evidence several photographs that depicted the victim's body and the bloodstained walls and bedding. Mrs. Lang had been stabbed twenty-seven times. The prosecution offered a videotape that also depicted the bloody crime scene. Lang offered no objection to the admission of the videotape prior to its viewing. On appeal, Lang argues that the videotape was gruesome, graphic, and repetitive, and that the trial judge abused its discretion in admitting the videotape into evidence.
¶ 10. While the jury was out and the court prepared to view the video, Lang's counsel took this opportunity to move for a mistrial based on earlier testimony of a former Pike County Sheriff's deputy.[1]
¶ 11. There was no objection on the record to the admissibility of the videotape. Likewise, there was no objection in the record before the video was played for the jury. It is well-settled law that the failure to make a contemporaneous objection waives the right of raising the issue on appeal. Ballenger v. State, 667 So.2d 1242, 1259 (Miss.1995). Lang's counsel recognized his error and raised the objection during a recess, and he stated, "I can go way back to when we objected to the photos. I guess it is my fault that I did not object to the video, which is essentially the same thing."
¶ 12. Notwithstanding the waiver, this Court has reviewed the objection of Lang's counsel as to the admissibility of the photographs. The objection raised was to a potential discovery violation. After it was clear that the photos sought to be introduced had been produced during discovery, no additional objection was made. An objection must state the specific ground for the objection unless the specific ground is apparent from the context. M.R.E. 103(a)(1). This issue is raised for the first time on appeal. Before an issue may be assigned and argued here, it must first have been presented to the trial court. Read v. State, 430 So.2d 832, 838 (Miss. 1983). Where the issue has not been timely presented below, it is deemed waived. Id. The point is thus said to be procedurally barred when urged here. Id. A trial judge cannot be put in error on a matter which was not presented to him for decision. Id.
¶ 13. We find no error and affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF MURDER AND SENTENCE TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF TEN THOUSAND DOLLARS ($10,000) AND ONE THOUSAND DOLLARS ($1,000) IN COURT APPOINTED ATTORNEYS FEES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] We do not address the nature of this testimony because this issue was not raised in this appeal.