990 So.2d 242 (2008)
David WASHINGTON, Appellant,
v.
Marian L. KELSEY, Appellee.
No. 2006-CA-01552-COA.
Court of Appeals of Mississippi.
April 22, 2008.
Rehearing Denied September 16, 2008.
*244 James C. Patton, Kosciusko, attorney for appellant.
William M. Dalehite, Jackson, James Seth McCoy, Hattiesburg, attorneys for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. David Lee Washington, appeals from the judgment of the Circuit Court of Leake County in favor of Marian L. Kelsey, in Washington's suit to recover damages arising out of an automobile accident. On appeal, Washington argues that: (1) the trial court erred in admitting certain hearsay evidence regarding prior incidents of Washington's speeding and (2) the verdict was against the overwhelming weight of the evidence.
¶ 2. Because we find that the trial judge committed reversible error in admitting prejudicial evidence, we reverse the judgment and remand this case for a new trial. Therefore, we do not reach Washington's challenge regarding the weight of the evidence.

FACTS
¶ 3. On the morning of August 16, 1999, Washington and Kelsey were involved in an automobile accident on Pickens Road in Leake County, Mississippi. Pickens Road is a two-lane country road with many curves and hills. The crest of one such hill is located approximately 375 feet west of Kelsey's driveway. On the morning of the accident, Washington was driving his truck east on Pickens Road, traveling to work in Carthage, Mississippi. Kelsey was proceeding west on Pickens Road intending to turn left into her driveway. As Washington topped the hill, Kelsey approached her driveway and began to initiate a left turn into the driveway. In an unsuccessful effort to avoid a collision, Washington veered onto the right-hand, east-bound shoulder of the road, passed between Kelsey's mailbox and the road, and struck Kelsey's vehicle on the front left side. Washington's vehicle left skid marks in the road approximately one hundred feet from Kelsey's driveway.
¶ 4. Moments after the collision, two of Kelsey's neighbors, Gene Harmon and Roy Young, went to the crash site. There, Harmon made a statement to either Young or Washington that "he had told [Washington] before that he needed to slow down because he was going to get somebody hurt." Kelsey overheard this statement and, as will be discussed below, was allowed to testify at trial as to what Harmon said at the scene of the accident. Harmon's deposition was taken. Therein, Harmon claimed that he observed Washington *245 speed past his house almost every morning. He stated that, approximately one month prior to the accident, he encountered Washington for business purposes and asked him to slow down. Harmon also gave deposition testimony that he had noticed no change in Washington's speed since the encounter.
¶ 5. Prior to trial, Washington's counsel filed a motion in limine that stated:
Plaintiff anticipates that Defendant will offer the testimony of Gene Harmon which will reference alleged past conduct (speeding) of the Plaintiff on the highway in question at a time unrelated to the incident in question. Such testimony is inadmissible on the grounds that is more prejudicial than probative of the Plaintiff's conduct immediately before the collision, and not relevant to the claims and defenses of the parties with respect to the incident in question. MRE 402, 403, 404(3)(b).
There is no probative evidence to suggest that it was Plaintiff's habit to exceed the posted speed limit on the subject highway. Therefore, Defendant should be prohibited from offering the aforesaid testimony.
The record contains neither a transcript of the hearing on this motion nor an order memorializing the trial judge's ruling on this motion.
¶ 6. At trial, Washington and Kelsey each testified that the other was completely at fault. Washington's theory of the case was that Kelsey failed to keep a proper lookout before initiating the turn into her driveway. In this regard, Washington testified that, as he topped the hill, he noticed Kelsey's vehicle approaching in the west-bound lane. He claimed that Kelsey was looking in the direction of her yard and never looked in his direction before turning left a "couple feet" in front of his vehicle. In support of this position, counsel for Washington elicited testimony from Kelsey on cross-examination that, as she began her turn, she noticed a car parked near the entrance of her driveway that required increased attention and care in negotiating the turn.
¶ 7. Kelsey's theory of the case was that Washington was driving so fast that he topped the hill and struck her vehicle in the time it took her to complete the turn into her driveway. Kelsey testified that she did not take her eyes off the road until she initiated her turn, and she did not see any vehicle approaching. According to Kelsey, she began her turn, "heard the roar of Mr. Washington's truck, looked over, and all [she] could see was the front grill." To support her contention that Washington was speeding, Kelsey presented Harmon's deposition testimony, which was read to the jury in lieu of Harmon's presence as a witness. Washington's counsel made no objection prior to or during the reading of the deposition. Kelsey then called Cecilia Kazery to testify as an accident reconstructionist. Based on her calculations, Kazery was of the opinion that Washington was traveling in excess of sixty miles an hour as he topped the hill, and the collision could have been avoided had Washington been traveling the posted speed limit-forty-five miles an hour.
¶ 8. At the conclusion of trial, the jury returned a verdict in favor of Kelsey. The trial judge denied Washington's motion for a new trial. Aggrieved, Washington now appeals to this Court.

DISCUSSION

Inadmissible Hearsay Evidence
¶ 9. Washington argues that his case was prejudiced by the introduction of hearsay testimony regarding prior instances of speeding. Washington's argument under this assignment of error is two-fold. He *246 claims the trial judge erred in (1) allowing Kelsey to testify as to the statement Harmon made at the scene of the accident and (2) admitting Harmon's deposition testimony.
¶ 10. The decision to admit or exclude evidence is within the trial judge's discretion and will not be reversed absent an abuse of that discretion. Moore v. K & J Enters., 856 So.2d 621, 632(46) (Miss.Ct. App.2003). On appeal, we will not reverse the trial judge's decision to admit or exclude evidence "unless the error adversely affects a substantial right of a party." Alpha Gulf Coast, Inc. v. Jackson, 801 So.2d 709, 729(69) (Miss.2001).

1. Kelsey's Testimony
¶ 11. On direct-examination, Kelsey was allowed to testify that she heard Harmon state at the scene of the accident that "he had told [Washington] before that he needed to slow down because he was going to get somebody hurt." Counsel for Washington objected on the grounds of hearsay. However, the trial judge overruled the objection stating, "if it was within the presence of [Washington], it's not hearsay evidence." Washington argues that this evidence was inadmissable hearsay, the admission of which resulted in prejudice to his case. We agree.
¶ 12. "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c). A hearsay statement is inadmissible unless the statement fits within an exception provided for in Mississippi Rule of Evidence 803 or 804. Allstate Ins. Co. v. Green, 794 So.2d 170, 177(24) (Miss.2001) (citation omitted).
¶ 13. Kelsey's statement was inadmissable hearsay. The statement was made out-of-court, and Kelsey was not the declarant. As to the trial judge's rationale, we point out that "[a]n out-of-court statement otherwise hearsay is technically no less hearsay because it was made in the presence of a party." M.R.E. 801 cmt.[1] Moreover, Kelsey cites no hearsay exception that would render the statement admissible.
¶ 14. It is the further opinion of this Court that this testimony was admitted in violation of Rule 404(b) as evidence of a prior act of speeding offered "to show that [Washington] acted in conformity therewith." M.R.E. 404(b). The statement was clearly offered to create the inference that, because Washington had sped in the past, he was speeding on the day of the accident. This is precisely what Rule 404(b) prohibits.
¶ 15. We find that Kelsey's testimony regarding Harmon's statement at the scene of the accident was clearly inadmissable. Therefore, we hold that the trial court erred in allowing this evidence.

2. Harmon's Deposition
¶ 16. Washington argues that the trial judge erred in admitting Harmon's deposition because Kelsey made no showing that Harmon was unavailable to testify at trial as a witness. Kelsey argues, and we agree, that this issue is procedurally barred because Harmon's deposition was introduced at trial without objection.
¶ 17. Mississippi Rule of Civil Procedure 32(a)(3) provides that all or part of a deposition may be used for any purpose *247 at trial in certain circumstances. Similarly, Mississippi Rule of Evidence 804(b)(1) provides that deposition testimony is excepted from the hearsay rule and admissible if the declarant is unavailable as a witness and "the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." M.R.E. 804(b)(1). The burden of proving unavailability rests with the proponent of the hearsay evidence. Emil v. Miss. Bar, 690 So.2d 301, 313-14 (Miss. 1997) (citing Mitchell v. State, 572 So.2d 865, 869 (Miss.1990)). The comment to Rule 804 states that "a finding of unavailability... should be made on the record." M.R.E. 804 cmt.
¶ 18. However, pursuant to Rule 103, error may not be based on a ruling admitting evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context...." M.R.E. 103(a)(1). In this regard, "[i]t is well-settled law that the failure to make a contemporaneous objection waives the right of raising the issue on appeal." Lang v. State, 931 So.2d 689, 691(11) (Miss.Ct.App.2006) (citing Ballenger v. State, 667 So.2d 1242, 1259 (Miss. 1995)).
¶ 19. In the instant case, Washington's only objection to Harmon's deposition testimony was based on Mississippi Rules of Evidence 402, 403, and 404, as presented to the trial court in his motion in limine. Further, no hearsay objection was made at trial either prior to or during the reading of the deposition. Therefore, the issue of Harmon's unavailability was not before the trial court, and it is not a proper issue for this Court to consider on appeal.

CONCLUSION
¶ 20. We find that the trial court committed no error in admitting Harmon's deposition, as a proper objection was not raised below. However, we find that the trial court did err in allowing Kelsey to testify regarding the conversation she overheard at the accident scene. Because Kelsey's testimony was given before Harmon's deposition was read to the jury, we cannot say that the admission of Kelsey's testimony regarding Harmon's remark at the scene of the accident was harmless or inconsequential to the outcome of the case. Rather, we find that the admission of Kelsey's testimony was cumulatively prejudicial to Washington's case. Accordingly, we reverse the judgment entered by the trial court and remand this case for a new trial.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY IS REVERSED AND THIS CASE IS REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] In the trial judge's deference, we acknowledge that Harmon's statement could theoretically be treated an adoptive admission under Rule 801(d)(2)(B) due to Washington's presence. However, there was no evidence that Washington adopted or acquiesced in the statement. In any event, an adoptive admission was not addressed in the trial court.